UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:24-cv-16-BJB
*ELECTRONICALLY FILED*

SHELTER MUTUAL INSURANCE COMPANY                                   PLAINITIFF

V.           **COMPLAINT FOR DECLARATORY JUDGMENT**

B.J. GRAVES, HVAC, LLC
KENTUCKY FARM BUREAU                                               DEFENDANTS

******************

Comes the Plaintiff, Shelter Mutual Insurance Company ("Shelter"), by counsel, and for its Complaint for Declaratory Judgment, states as follows:

**PARTIES**

1. Plaintiff, Shelter Mutual Insurance Company, is an insurance company licensed to do business in the Commonwealth of Kentucky, with its principal place of business in the State of Missouri.

2. Defendant, B.J. Graves, is a Kentucky Limited Liability Company with its principal office located at 3880 Hazelwood Road, LaCenter, Kentucky 42056 and the registered agent being Bryan Joseph Graves located at 3880 Hazelwood Road, LaCenter, Kentucky 42056.

3. Defendant, Kentucky Farm Bureau, is a Kentucky corporation authorized to transact business in the Commonwealth of Kentucky with its principal place of business located at 9201 Bunsen Parkway, Louisville, KY 40220 and the registered agent being Paul D. Smith located at 9201 Bunsen Parkway, Louisville, KY 40220.

**JURISDICTION**

4. Because the amount in controversy as claimed against the Defendant B.J. Graves ("Graves") by Kentucky Farm Bureau ("KFB"), exclusive of interest and costs, exceeds $75,000,

and this action involves a controversy between citizens of different states, this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332 (a)(1).

5. Venue is proper pursuant to 28 U.S.C. §1391 because the claims asserted in this lawsuit in part arise out of acts or omissions which took place within the Western District of Kentucky.

6. Based upon these allegations and other facts related to the underlying property damage claim, this Court has jurisdiction over the Complaint and venue is proper.

## REQUEST FOR DECLARATORY JUDGMENT

7. On or about the 13th day of November, 2020, the Defendant Graves, by and through its agents, employees and/or representatives replaced component parts in a furnace in a residence owned by Terry Canter at 10115 Old Hinkleville Road, Kevil, Kentucky and insured by KFB. A fire ignited causing damages to the real and personal property of Terry Canter.

8. KFB paid for such damages and through a subrogation claim contends that it is entitled to recover such damages based upon the alleged negligence of Defendant Graves.

9. At the time of the alleged loss, Shelter insured Graves under a Commercial General Liability Policy No. 16-31-6967656-3 providing coverage based on the terms and conditions of the policy.

10. There are questions, however, as to whether the allegations asserted by KFB are covered under Shelter's policy, including, but not limited to, whether the allegations constitute an "occurrence" as defined in the policy.

11. Pursuant to 28 U.S.C. §2201 an actual controversy exists as to the availability of coverage for the allegations of KFB against Graves, and Shelter as a company interested under a contract of insurance may obtain a declaration of rights pursuant to 28 U.S.C. 2201 and declaratory judgment pursuant to Fed.R.Civ. P. 57.

12. Upon information and belief, all persons having an interest in the coverage questions to be presented for declaratory judgment are named as defendants in this action.

Wherefore, the Plaintiff, Shelter Mutual Insurance Company, requests declaratory judgment and a declaration of rights as to the available coverage under its commercial general liability policy which may cover the Defendant Graves for the allegations of KFB based upon the applicable facts and policy language, and for all other relief to which this Plaintiff may be entitled.

        Respectfully submitted,
        CASEY BAILEY & MAINES, PLLC
        3151 Beaumont Centre Circle, Ste. 200
        Lexington, KY 40513
        Telephone: (859) 243-0228
        Facsimile: (859) 243-0528
        athompson@cbmlaw.net

By:   */s/ Amanda P. Thompson*
      AMANDA P. THOMPSON